UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REBECCA FRAZE,<br><br>                    Plaintiff,<br>   v.<br><br>AMERICAN BEHAVIORAL HEALTH SYSTEMS INC,<br><br>                    Defendant. | CASE NO. 3:22-cv-05094-DGE<br><br>ORDER ON DEFENDANT'S MOTION TO STRIKE (DKT. NO. 4), PLAINTIFF'S MOTION TO STRIKE EXHIBIT (DKT. NO. 13), AND PLAINTIFF'S MOTION FOR SANCTIONS (DKT. NO. 16) |

## I.    INTRODUCTION

This matter comes before the Court on Defendant's Motion to Strike certain allegations in Plaintiff's Complaint, which Plaintiff opposes. (Dkt. Nos. 4, 10.) Defendant's reply to the motion attached an additional document (*see* Dkt. Nos. 11, 11-1), which led Plaintiff to file a surreply requesting to strike the additional document. (Dkt. No. 13.) Plaintiff then filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 16.)

Having considered the record, the Court DENIES Defendant's Motion to Strike, DENIES Plaintiff's surreply requesting to strike the additional document, and DENIES Plaintiff's Motion for Sanctions.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 2022, Plaintiff filed a complaint alleging Defendant created and maintained a hostile work environment, in violation of federal and state law, by failing to protect Plaintiff and other female employees following reports of sexual harassment and assault by Defendant's head supply clerk, Dana Hall-Fontenette.  (Dkt. No. 1.)

Defendant filed a Motion to Strike certain allegations contained in the complaint; specifically, paragraphs 1.2, 4.10, 4.14, and 4.22.  (Dkt. No. 4.)  Paragraphs 1.2 and 4.10 assert Plaintiff has a history of sexual trauma, which Defendant argues is immaterial or impertinent pursuant to Federal Rule of Civil Procedure 12(f).  (*Id*. at 2.)  Paragraphs 4.14 and 4.22 allege Plaintiff reported Mr. Hall-Fontenette's alleged conduct to law enforcement and that criminal proceedings were initiated against him.  (Dkt. No. 1 at 5, 7.)  Defendant asserts the allegations in these two paragraphs are scandalous under Federal Rule of Civil Procedure 12(f) and inadmissible under Federal Rules of Evidence 409 and 609(c).  (Dkt. No. 4 at 1–6.)

After Plaintiff filed her opposition (Dkt. No. 10) to Defendant's motion, Defendant included with its reply a copy of an order dismissing the criminal charges filed against Mr. Hall-Fontenette.  (Dkt. Nos. 11, 11-1.)  Thereafter, pursuant to Local Rule 7(g), Plaintiff filed a Surreply and moved to strike the dismissal order because it is "new evidence" and otherwise not included in the original motion.  (Dkt. No. 13 at 1–2.)  Plaintiff also filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 alleging Defendant's Motion to Strike was frivolous.  (Dkt. No. 16.)

### III. DISCUSSION

**A. Defendant's Motion to Strike**

    i. <u>Plaintiff's History of Sexual Trauma</u>

Defendant failed to establish Plaintiff's allegations concerning her history of sexual trauma violate Federal Rule of Civil Procedure 12(f).  A court has broad discretion to strike allegations in a pleading that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f); *see Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003).  Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).  Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question."  (*Id.*)

Moreover, the function of a motion to strike is avoiding unnecessary expenditures at trial. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  When ruling on a motion to strike, the Court makes all inferences in the light most favorable to the nonmoving party.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, n.2 (9th Cir. 2010).  Courts disfavor motions to strike and strike matters only if it has no possible bearing on the pleadings. *See Fantasy*, 984 F.2d at 1527.

Paragraphs 1.2 and 4.10 of the Complaint identify Plaintiff's prior sexual trauma and former addiction, which, arguably, could be relevant to the issue of how her employment for Defendant affected Plaintiff as well as Plaintiff's emotional state following the alleged assaults. In fact, Defendant concedes Plaintiff's sexual trauma may affect the outcome of the case with respect to emotional distress damages.  (Dkt. No. 4 at 4.)  As such, the Court cannot conclude these allegations "have no essential or important relationship to the claim for relief" or that these allegations "do not pertain to . . . the issues in question."

ii. <u>Allegations Regarding Mr. Hall-Fontenette's Assault Charge</u>

Defendant's argument that paragraphs 4.14 and 4.22 are scandalous and should be stricken because the matters may be inadmissible at trial is unpersuasive. Pursuant to Federal Rule of Civil Procedure 12(f), scandalous matters cast a "cruelly derogatory light on a party or other person." *Marcus v. ABC Signature Studios, Inc.*, 279 F. Supp. 3d 1056, 1062 (C.D. Cal. 2017). Additionally, courts generally deny striking allegations solely because the matter may later be inadmissible under the Federal Rules of Evidence. *See Bartolutti v. Mukasey*, No. C06-513-E-RJB, 2008 WL 1924193, at *1 (W.D. Wash. Apr. 28, 2008) ("Issues regarding evidence may be resolved by motions *in limine* or by offers and objections at trial.").

An essential element of hostile work environment claims is that harassment was unwelcome. *See Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1161 (9th Cir. 2017). Paragraph 4.14 alleges law enforcement commented, "were it not for COVID-19 restrictions, he would be taking Mr. Hall-Fontenette to jail." (Dkt. No. 1 at 5.) Paragraph 4.22 alleges Mr. Hall-Fontenette was subsequently charged for Assault in the Fourth Degree with Sexual Motivation. (*Id.* at 7.) Apparently, the charge was dismissed with prejudice because Mr. Hall-Fontenette completed a diversion program and continued treatment. (Dkt. No. 11-1.)

Viewed in the light most favorable to Plaintiff, these allegations do not support a finding that Plaintiff cast a "cruelly derogatory light on" Mr. Hall-Fontenette. Moreover, it could be argued that these allegations support Plaintiff's claims that Mr. Hall-Fontenette's conduct was unwelcome and occurred while both individuals were employed by Defendant. It also would be premature to strike Plaintiff's allegations in anticipation of the matter being inadmissible at trial.

Accordingly, Defendant's Motion to Strike is DENIED.

B. **Plaintiff's Surreply: Motion to Strike Exhibit (Dkt. No. 11-1) Included with Defendant's Reply**

Pursuant to Local Rule 7(b)(3), a moving party may file a reply brief with supporting material. *See* LCR 7. However, a moving party may not raise new facts or arguments in a reply thereby preventing the nonmoving party from providing a substantive response. *See United States v. Puerta*, 982 F.2d 1297, n.1 (9th Cir. 1992).

The exhibit included with Defendant's reply is an order dismissing with prejudice the criminal assault charge filed against Mr. Hall-Fontenette. (*See* Dkt. No. 11-1.) This document added little to no value to the Court's analysis. For all intents and purposes, the motion to strike is DENIED as being moot.

C. **Plaintiff's Motion for Sanctions**

Plaintiff asserts Defendant should be sanctioned because its motion to strike (Dkt. No. 4) was "frivolous and wholly devoid of legal merit." (Dkt. No. 16 at 1.) In general, a motion must not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P 11(b)(1). A motion must include "legal contentions . . . warranted by existing law or by a nonfrivolous argument." Fed. R. Civ. P. 11(b)(2). A pleading is frivolous if it is "baseless and made without a reasonable and competent inquiry." *Est. of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997) (citing *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir. 1997)).

"A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Courts often regard motions to strike, which are frequently used as stalling tactics, with disfavor. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 1048, 1057 (N.D. Cal. 2004).

The arguments presented in Defendant's motion to strike, while unpersuasive, in this Court's opinion do not quite rise to the level sufficient to justify the imposition of sanctions under Rule 11. However, the Court reminds the parties of their obligations under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 to present meritorious arguments and avoid causing unnecessary delay as the Court will impose sanctions should a party's conduct warrant it.

Plaintiff's Motion for Sanctions is DENIED.

### IV.    CONCLUSION

Having considered Defendant's Motion to Strike, Plaintiff's Surreply, Plaintiff's Motion for Sanctions, and the remainder of the record, the Court finds and ORDERS:

(1) Defendant's Motion to Strike (Dkt. No. 4) allegations in Plaintiff's Complaint is DENIED.

(2) Plaintiff's Surreply, and request to strike therein (Dkt. No. 13), is DENIED as moot.

(3) Plaintiff's Motion for Sanctions (Dkt. No. 16) is DENIED.

Dated this 29th day of June, 2022.

David G. Estudillo
United States District Judge