THE HONORABLE DAVID G. ESTUDILLO

1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

8
9

REBECCA FRAZE,

      Plaintiff,

    v.

AMERICAN BEHAVIORAL HEALTH
SYSTEMS, INC.,

      Defendant.

No. 3:22-cv-05094

**PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT ON
DEFENDANT'S AFFIRMATIVE
DEFENSES**

**NOTE ON MOTION CALENDAR:
JUNE 16, 2023**

10
11
12
13
14
15
16
17
18

## I.    INTRODUCTION

19
20

Plaintiff Rebecca Fraze now moves for summary judgment on three of Defendant American Behavioral Health Systems' affirmative defenses. Plaintiff is bringing Title VII and Washington Law Against Discrimination (WLAD) claims for workplace sexual harassment that took place over almost two years and culminated in two sexual assaults. Her claims are based on both (1) sexual harassment and assault imputed to the Defendant, and (2) Defendant's failure to remediate the hostile work environment after she reported the harassment to upper management. Before filing this lawsuit, Ms. Fraze timely filed an Equal Employment Opportunity Commission

21
22
23
24
25
26
27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -1-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    (EEOC) Charge and obtained an EEOC Notice of Right to Sue.

2    Defendant pled several affirmative defenses. Plaintiff moves for summary judgment on

3    three of those defenses: (1) failure to state a claim; (2) failure to exhaust administrative remedies;

4    and (3) that Washington's worker's compensation statute provides an exclusive remedy and bars

5    Plaintiff's claims. These defenses are meritless. First, failure to state a claim is not a true

6    affirmative defense and must be dismissed. Second, Ms. Fraze fully exhausted her administrative

7    remedies. Third, Washington's worker's compensation statue does not bar workplace sexual

8    harassment claims under state or federal law. Defendant's frivolous defense conflicts with decades

9    of firmly established federal and state law. Summary judgment on these three defenses must be

10   granted to Plaintiff.

11   ## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

12   Plaintiff Rebecca Fraze filed an Equal Employment Opportunity Commission (EEOC)

13   charge against Defendant American Behavioral Health Systems (ABHS) through counsel on

14   December 23, 2021. Declaration of Munia Jabbar (May 23, 2023) at ¶2 & Exhibit A. The EEOC

15   acknowledged receipt of the charge and assigned a charge number by December 27, 2021. Jabbar

16   Decl. ¶3. The EEOC charge cited discrimination based on her sex that took place between July

17   2019 and June 1, 2021. Jabbar Decl., Ex. A (EEOC Charge). The EEOC charge stated that after

18   she began working for Defendant in July 2019, she had suffered from repeated unwanted touching

19   by co-worker Dana Hall-Fontenette, that the unwanted touching became worse over time, and that

20   it escalated to unwanted grabbing and kissing by March and April 2021. *Id.* The charge also stated

21   that Ms. Fraze reported the harassment to managers in April 2021, they did not take the necessary

22   steps needed to remediate the harassment, and she was forced to quit in late May 2021. *Id.* It further

23   stated that ABHS managers knew that Mr. Hall-Fontenette was sexually harassing female

24   employees before April 2021 through prior reports from female employees. *Id.*

25   Upon her request, the EEOC issued Ms. Fraze a Notice of Right to Sue on February 10,

26   2022. Jabbar Decl. ¶4 & Exhibit B. The Notice of Right to Sue gave Ms. Fraze 90 days from

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -2-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    receipt of the notice to file a Title VII suit. Jabbar Decl., Exhibit B. The Notice of Right to Sue

2    also noted that the EEOC would not have completed the processing of this charge within 180 days

3    of filing. *Id.*

4         Ms. Fraze filed the Complaint five days later, on February 15, 2022. Dkt. #1, Compl. Ms.

5    Fraze's Complaint brings claims for sexual harassment against her former employer ABHS under

6    Title VII (First Cause of Action) and the Washington Law Against Discrimination (Second Cause

7    of Action). Dkt. #1, Compl. ¶¶5.1-6.7. Both claims are based on (1) Mr. Hall-Fontenette's

8    harassment being imputed to ABHS; and (2) ABHS failing to adequately remediate the harassment

9    after Ms. Fraze reported it. *Id.*

10        Ms. Fraze's Complaint set forth facts consistent with the EEOC charge detailing sexual

11   harassment, ABHS's imputed liability for the harassment, and ABHS's failure to remediate. Ms.

12   Fraze confirmed these bases for her claims in her interrogatory answers. See Jabbar Decl. ¶5 &

13   Exhibit C at 11-13, 14-15, 15-17 (Answers to Interrogatory Nos. 5, 6, & 7). According to her

14   Complaint, Ms. Fraze began working with her ABHS Chehalis coworker Dana Hall-Fontenette in

15   or about July 2019. Dkt. #1, Compl. ¶4.2. Over time, he began subjecting her to unwanted full-

16   body hugs, pressing his body against hers. Dkt. #1, Compl. ¶4.4; Jabbar Decl., Ex. C at 12. In or

17   about October 2020, his unwanted touching escalated when ABHS instituted a new temperature

18   check protocol to enter the premises. Dkt. #1, Compl. ¶4.5; Jabbar Decl., Ex. C at 12. Mr. Hall-

19   Fontenette was stationed at the temperature check station and engaged in unwanted touching of

20   Ms. Fraze and other women by giving unwanted shoulder and back rubs, taking their temperatures

21   on the backs of their necks, and caressing their necks and hair. Dkt. #1; Compl. ¶4.5, Jabbar Decl.,

22   Ex. C at 12.

23        The Complaint continues that on or about April 1, 2021, Mr. Hall followed her into the

24   supply room, grabbed her, groped her breasts and pulled her against his body, wrapped his arms

25   around her, and kissed her on the mouth without her consent. Dkt. #1, Compl. ¶4.7; Jabbar Decl.,

26   Ex. C at 12. The Complaint further avers that on or about April 12, 2021, Mr. Hall-Fontenette

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -3-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    again assaulted Ms. Fraze. He came to Ms. Fraze's floor to deliver supplies. Ms. Fraze was in a

2    colleague's office. When he saw her, he said he would come to her office for his "lovin'" and she

3    denied him. Later he came to her office anyway and let the door shut behind him. He again grabbed

4    Ms. Fraze and wrapped her in his arms and tried to kiss her. When she tried to push him away, he

5    wrapped her up more tightly. Ms. Fraze finally fought him off and he left. Dkt. #1, Compl. ¶4.9;

6    Jabbar Decl., Ex. C at 12-13.

7         The Complaint further pleads that Ms. Fraze reported the assaults to her supervisor

8    Michelle Armstrong. Dkt. #1, Compl. ¶4.11; Jabbar Decl., Ex. C at 12-13. Ms. Fraze and Ms.

9    Armstrong then reported the matter to another supervisor, James Cozadd, and to Clinical Director

10   Craig Zahn. Dkt. #1, Compl. ¶4.12; Jabbar Decl., Ex. C at 12. After that, on or about April 21,

11   2021 Ms. Fraze was told by Mr. Zahn, "You can file charges, but the others cannot." Dkt. #1,

12   Compl. ¶4.13. Ms. Fraze thus learned that the Clinical Director had been aware that Mr. Hall had

13   been sexually harassing women. Dkt. #1, Compl. ¶4.13; Jabbar Decl., Ex. C at 14. On April 22,

14   2021, Ms. Fraze reported Mr. Hall to the police. Dkt. #1, Compl. ¶4.14; Jabbar Decl., Ex. C at 13.

15   Ms. Fraze also learned that several of her female colleagues had been sexually harassed by Mr.

16   Hall-Fontenette and that at least one of them reported Mr. Hall-Fontenette to management by

17   January 2021. Dkt. #1, Compl. ¶4.15; Jabbar Decl., Ex. C at 14-17.

18        Ms. Fraze also alleges in the Complaint that she repeatedly asked ABHS management to

19   remediate by terminating Mr. Hall-Fontenette's employment because she did not feel safe with

20   him there. Dkt. #1, Compl. ¶4.16. ABHS did not complete a meaningful investigation and allowed

21   Mr. Hall-Fontenette to continue serving on the facility's respected "Safety Committee." Dkt. #1,

22   Compl. ¶4.17; Jabbar Decl., Ex. C at 13. On May 25, 2021, Ms. Fraze again told Clinical Director

23   Zahn she did not feel safe with Mr. Hall-Fontenette around. Dkt. #1, Compl. ¶4.20; Jabbar Decl.,

24   Ex. C at 12. Mr. Zahn reiterated ABHS would not terminate Mr. Hall-Fontenette and told Fraze

25   "it is your choice whether you want to work here or not." Dkt. #1,  Compl. ¶4.20. Ms. Fraze was

26   thus forced to resign. Dkt. #1, Compl. ¶4.21. On June 22, 2021, the Chehalis City Prosecutor's

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -4-
No. 3:22-cv-05094

1   office charged Mr. Hall-Fontenette with Assault in the Fourth Degree with Sexual Motivation.

2   Dkt. #1, Compl. ¶4.22.

3       Ms. Fraze has not filed any worker's compensation claims related to her employment with

4   ABHS. Declaration of Rebecca Fraze (May 23, 2023) at ¶2.

5                          **III.    ARGUMENT**

6       "Summary judgment is appropriate when, viewing the facts in the light most favorable to

7   the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

8   judgment as a matter of law." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 591 F. Supp.

9   3d 956, 960 (W.D. Wash. 2022). A court may grant summary judgment if "there is an absence of

10  evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106

11  S. Ct. 2548, 2554 (1986). The moving party may seek summary judgment by articulating the

12  absence of evidence supporting the nonmoving party's claims or defenses. *Id.* at 323. Thereafter,

13  the nonmoving party must identify and present evidence—beyond mere allegations—establishing

14  that there is a genuine issue for trial. *Id.* at 324. If the nonmoving party fails to do so, then summary

15  judgment should be granted. *Id.*

16      Plaintiff moves for summary judgment on three of Defendant's affirmative defenses:

17  Second (Failure to State a Claim), Fourth (Failure to Exhaust), and Sixth (Exclusive Remedy). The

18  failure to state a claim defense and exclusive remedy defense are not legally cognizable. There is

19  also no dispute of relevant material fact as to Ms. Fraze's proper exhaustion of administrative

20  remedies. For these reasons, summary judgment must be granted by dismissal of these three

21  affirmative defenses.

22  **A.    Defendant's failure to state a claim defense must be dismissed because it is not a
         proper affirmative defense.**

23

24      Defendant's Second Defense states that "Plaintiff's claims are barred in whole or in part

25  because Plaintiff's complaint fails to state a claim upon which relief may be granted from

26  Defendant." Dkt. #22, Answer ¶9.1. To the extent this is pled as an affirmative defense, it must be

27  dismissed as a matter of law. "Courts in the Ninth Circuit have routinely held that 'failure to state

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -5-
No. 3:22-cv-05094

1   a claim' is not a proper affirmative defense." *Kaiser v. CSL Plasma Inc.*, 240 F.Supp.3d 1129,

2   1134 (W.D. Wa. 2017) (quoting *Vargas v. Cnty. of Yolo*, 2016 WL 3916329, *5, 2016 U.S. Dist.

3   LEXIS 94793, 13–14 (E.D. Cal. July 19, 2016)); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080,

4   1088 (9th Cir. 2002). Rather, this defense "asserts a defect in [plaintiffs'] prima facie case... [and]

5   is more properly brought as a motion." *Kaiser*, 240 F.Supp.3d at 1134 (quoting *Vargas*, 2016 WL

6   3916329, *5, 2016 U.S. Dist. LEXIS 94793, *13–14) (other internal citations and quotation marks

7   omitted).

8          Defendant's failure to state a claim affirmative defense must therefore be dismissed.

9   **B.     Defendant's failure to exhaust administrative remedies defense must be dismissed
        because Plaintiff timely filed an EEOC charge and this lawsuit.**

10         Defendant's Fourth Defense states that "Plaintiff's claims are barred in whole or in part by

11  her failure to exhaust available administrative remedies." Dkt. #22, Answer ¶11.1. This affirmative

12  defense must also be dismissed in its entirety, as to both the Title VII and the WLAD claims.

13         As to Title VII, Plaintiff was required to fulfill two prerequisites: (1) filing an EEOC charge

14  within 300 days, and (2) acting upon a notice of right to sue in a timely fashion. *Myers-Desco v.*

15  *Lowe's HIW, Inc.*, 484 Fed. Appx. 169, 171 (9th Cir. 2012) (citing *inter alia Alexander v.*

16  *Gardner–Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)); *see Rahman v.*

17  *Boeing Co.*, No. C11-1338-RSM, 2011 WL 4368356, at *1 (W.D. Wash. Sept. 16, 2011)

18  (confirming 300-day filing deadline for case originating in Washington). Where a plaintiff requests

19  and receives a notice of right to sue and acts on it within 90 days of receiving the notice, she has

20  adequately exhausted her administrative remedies.[1] *Myers-Desco*, 484 Fed. Appx. at 171. Hostile

21  work environment claims are typically multiple acts that collectively constitute one unlawful

22  employment practice, and therefore the employee only needs to file a charge within 300 days of

23  any act that is part of the hostile work environment. *National R.R. Passenger Corp. v. Morgan*,

24  536 U.S. 101, 117-118 (2002).

25

26  ---

    [1] The EEOC's decision as to whether or not to investigate the matter has no impact on whether she exhausted her
    administrative remedies. *Myers-Desco*, 484 Fed. Appx. at 171.

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -6-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    Ms. Fraze filed her EEOC charge on December 23, 2021. Jabbar Decl. at ¶¶2-3 & Exhibit

2   A. The charge described that after she began working at Defendant in July 2019, she had suffered

3   from repeated unwanted touching by Mr. Hall-Fontenette and the unwanted touching escalated

4   over time to unwanted grabbing and kissing by March and April 2021. *Id.* The charge also stated

5   that Ms. Fraze reported the harassment to managers in April 2021, they did not take the necessary

6   steps needed to remediate the harassment, and that she was forced to resign in late May 2021. *Id.*

7   It further stated that ABHS managers knew that Mr. Hall-Fontenette was sexually harassing female

8   employees before April 2021 through prior reports from female employees. *Id.* The EEOC issued

9   her a Notice of Right to Sue on February 10, 2022. Jabbar Decl. at ¶4 & Exhibit B. Ms. Fraze filed

10   the complaint five days later on February 15, 2022, setting forth all of the allegations in the EEOC

11   charge. Dkt. #1, Compl.

12    Ms. Fraze, therefore, clearly fulfilled both of her prerequisites for filing a Title VII claim.

13   *Myers-Desco*, 484 Fed. Appx. at 171. She filed her EEOC charge within 300 days of the end of

14   the hostile work environment. She described the scope of her hostile work environment claim in

15   that charge. She also filed her lawsuit within five days of the EEOC issuing her a Right to Sue

16   Letter.

17    As to her WLAD claim, Ms. Fraze was not required to exhaust any administrative

18   remedies. *Gonzalez v. Nat'l R.R. Passenger Corp.*, 376 Fed. Appx. 744, 746 (9th Cir. 2010) (citing

19   RCW §§ 49.60.030(2), 49.60.230(a)(1); *Cloer v. United Food & Commercial Workers Int'l Union*,

20   2007 WL 601426, at *5 (W.D. Wash. Feb. 22, 2007); *Jones v. Rabanco, Ltd.*, 439 F.Supp.2d 1149,

21   1160–61 (W.D. Wash. 2006)).

22    The failure to exhaust affirmative defense must be dismissed with prejudice as to all of

23   Plaintiff's claims.

24

25

26

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -7-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**C.    Barring a cognizable sexual harassment case because of Washington's worker's compensation statute is against decades of well-established sexual harassment case law.**

Defendant's Sixth Defense states that "Plaintiff's claims are barred in whole or in part by the exclusive remedy provided by the Washington Industrial Insurance Act. *See* RCW Chapter 51." Dkt. #22, Answer ¶13.1. The Washington Industrial Insurance Act (IIA) is Washington's worker's compensation statute. RCW 51.04.010. Barring a Title VII and WLAD claim because of the IIA would be a truly unprecedented application of that affirmative defense in Washington. The defense has no basis in the law. Washington law is crystal clear that "RCW 49.60 [WLAD] claims are not precluded by the IIA." *Goodman v. Boeing Co.*, 75 Wn. App. 60, 70, 877 P.2d 703, 709 (1994). The WLAD "emphasizes that 'the provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof.'" *Id.* (quoting RCW 49.60.020). The WLAD also "sweeps more broadly than the IIA" and the two statutes serve very different purposes:

> The Law Against Discrimination seeks to remedy an evil that "threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state." RCW 49.60.010. In contrast, the IIA only provides the individual employee with a remedy for harm resulting from physical injuries suffered in the workplace, thus indirectly protecting the state's interest in its industries. See RCW 51.04.010. Unlike the IIA, the Law Against Discrimination seeks to remedy nonphysical injuries, similar to dignitary torts…that have far-reaching social, political, and economic implications.

*Reese v. Sears, Roebuck & Co.*, 107 Wash. 2d 563, 569, 731 P.2d 497, 501 (1987), *overruled on other grounds by Phillips v. City of Seattle*, 111 Wn. 2d 903, 766 P.2d 1099 (1989). Indeed, if the IIA were an exclusive remedy for workplace sexual harassment and assault, workplace sexual harassment case law would not exist in Washington federal and state courts. That is clearly not the case. *E.g.*, *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 968-969 (9th Cir. 2002) (overturning W.D. Wa. grant of summary judgment to employer on Title VII and WLAD claims where employee was raped by client and employer did not adequately remediate); *O'Meara v. Have a Heart Compassion Care, Inc.*, 2021 WL 3030169 at *1-*3, 18 Wn. App. 2d 1023 (2021) (bench trial on several claims, including sexual harassment after employee was sexually assaulted

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -8-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    and suffered from mental harm); *Washington v. Horning Brothers, LLC*, 339 F. Supp. 3d 1106,

2    1116-18, 1135 (E.D. Wa. 2018) (denying summary judgment in Title VII case in which employees

3    subject to repeated sexual touching and comments); *Glasgow v. Georgia Pacific Corp.*, 103 Wn.2d

4    401, 405, 693 P.2d 708 (1985) (upholding WLAD verdict based on repeated unwanted sexual

5    touching and intimidation); *Perry v. Costco Wholesale, Inc.*, 123 Wn. App. 783, 788-790, 98 P.3d

6    1264, 1266 (2004) (bench trial on sexual harassment claims under WLAD based on employee's

7    ongoing sexual harassment and employer's subsequent failure to remediate); *Delahunty v. Cahoon*,

8    66 Wn. App. 829, 833, 832 P.2d 1378, 1380 (1992) (upholding WLAD verdicts for employees

9    subjected to repeated unwanted touching and suggestive comments); *Thompson v. Berta*

10   *Enterprises, Inc.*, 72 Wn. App. 531, 534, 864 P.2d 983, 985 (1994) (reinstating WLAD jury verdict

11   in favor of employee who suffered repeated unwanted touching and propositioning).

12       The IIA provides an exclusive remedy and "basic coverage" for employee's industrial

13   injuries or occupational diseases that "arise 'naturally and proximately out of employment.'"

14   *McCarthy v. Department of Social and Health Services*, 110 Wn.2d 812, 816, 759 P.2d 351, 353

15   (1988) (quoting RCW 51.08.140). The IIA is not meant to abolish an employee's existing remedies

16   without providing a substitute remedy. *Id.* at 817. The IIA does not provide the exclusive remedy

17   where the work-related disease falls outside the basic coverage of the IIA. *Id.*

18       Sexual harassment and sexual assaults, and any mental health disabilities caused by those

19   events, are neither industrial injuries nor occupational diseases falling under the scope of the IIA.

20   Cumulative sexual harassment is not an IIA injury. *Wheeler v. Catholic Archdiocese of Seattle*, 65

21   Wn. App. 552, 566, 829 P.2d 196, 204 (1992) (citing *inter alia In re Robin Reid*, BIIA Decision

22   88 0793 (1989)). It is also well-established that mental harm caused by sexual harassment and

23   assaults is not an IIA "occupational disease" as "mental disabilities caused by sexual harassment

24   do not arise naturally out of employment." *Wheeler*, 65 Wn. App. at 567 (citing *In re Robin Reid*,

25   supra; *In re Renee Rhoe*, BIIA Decision 87 0918 (1988)). Bureau of Industrial Insurance Appeals

26   ("BIIA") case law also holds that being subjected to an incident of unwanted hugging and an

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -9-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

1    attempt to kiss by a coworker is not an industrial injury or occupational disease. *In re Kristy*

2    *Stewart*, BIIA Claim No. T-852186, Docket No. 96 3113 (Wn. Bureau of Indus. Appeals

3    December 12, 1998).

4          While the parties may be in dispute about the merits of Ms. Fraze's claims, there is no

5    dispute as to the *nature* of Ms. Fraze's claims or the type of allegations she is bringing in this

6    lawsuit. Ms. Fraze is bringing sexual harassment claims based on her contention that she was

7    subjected to unwanted intimate touching, including hugs and neck and hair caresses, over the

8    course of at least several months. Compl. ¶¶4.2-4.5. Ms. Fraze further contends that she was then

9    subjected to two sexual assaults in which she was trapped, grabbed and hugged, and either kissed

10   or attempted to be kissed, without her consent. Compl. ¶¶4.7-4.9. This is exactly the type of

11   conduct that the case law says falls outside the basic coverage of the IIA. Indeed, this is a classic

12   sexual harassment case falling under Title VII and the WLAD. The IIA, therefore, is not the

13   exclusive remedy for Ms. Fraze's claims. *McCarthy*, 110 Wn.2d at 817.

14          Moreover, Ms. Fraze's claims are also partially based on Defendant's failure to adequately

15   remediate the sexual harassment after it occurred. Both Title VII and the WLAD require that once

16   an employer has actual knowledge of a report of sexual harassment, it must take prompt and

17   effective remedial measures, and the employer's subsequent action (or inaction) may also create a

18   hostile work environment. *Fuller v. Idaho Department of Corrections*, 865 F.3d 1154, 1161-1164

19   (2017); *Ellison v. Brady*, 924 F.2d 872, 882 (9th Cir.1991); *Perry*, 123 Wn. App. at 793-794. An

20   employer's failure to remediate harassment is obviously not an industrial injury nor an

21   occupational disease. And even where an employee does originally suffer an industrial injury, the

22   employer's subsequent discriminatory response is actionable under the WLAD (RCW 49.60) and

23   not barred by the IIA. *Goodman*, 75 Wn. App. at 70-71. Accordingly, the IIA does not bar Ms.

24   Fraze's claims to the extent they are based on ABHS's failure to remediate sexual harassment.

25          Finally, Defendant may argue that Plaintiff's claims arise from two discrete incidents—the

26   two most serious sexual assaults in April 2021—and that those two discrete incidents are subject

27

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -10-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798

to worker's compensation protections and not Title VII and WLAD protections. This argument is also wholly without merit. First, as is clear from Plaintiff's Complaint and corroborated by her discovery responses, her claims are based on ongoing sexual harassment and subsequent failure to remediate that took place over an extended period of time. Second, there is no legal support for the contention that discrete instances of sexual assault fall under the IIA to the exclusion of Title VII and the WLAD. It has been well-established for decades that even a single incident of harassment can support a claim under both Title VII and the WLAD. *See, e.g.*, *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967 (9th Cir. 2002); *Loeffelholz v. University of Washington*, 175 Wn.2d 264, 277, 285 P.3d 854, 860 (2012).

Ms. Fraze never filed a worker's compensation claim. Fraze Decl. ¶2. That is because she did not suffer an industrial injury or occupational disease. Defendant's exclusive remedy defense is fundamentally at odds with decades of federal and state sexual harassment case law and fails as a matter of law. Summary judgment on Defendant's Sixth Defense should be granted to Plaintiff.

## IV.    CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's Motion for Summary Judgment and dismiss Defendant's Second, Fourth, and Sixth Affirmative Defenses.

*I certify that this memorandum contains 3,665 words, in compliance with the Local Civil Rules.*

DATED this 23rd day of May, 2023.

FRANK FREED SUBIT & THOMAS LLP

By: *s/Munia Jabbar*
Munia F. Jabbar, WSBA No. 48693
Jillian M. Cutler, WSBA No. 39305
705 Second Avenue, Suite 1200
Seattle, Washington  98104
(206) 682-67111
mjabbar@frankfreed.com
jcutler@frankfreed.com
*Attorneys for Plaintiff Rebecca Fraze*

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S AFFIRMATIVE DEFENSES -11-
No. 3:22-cv-05094

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798